UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00056-RJC-WCM

| | |
|---|---|
| ANDRE ANTONIO DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| INFRAGARD NATIONAL MEMBERS ) | |
| ALLIANCE INC., and INFRAGARD ) | |
| CHARLOTTE MEMBERS ALLIANCE ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff's *pro se* motion requesting that the case be heard under res ipsa loquitor ("Motion"). (Doc. No. 2). Having fully considered the arguments, the record, and the applicable authority, Plaintitff's motion is **DENIED**, as discussed below.

"The doctrine of res ipsa loquitur is addressed to those situations where the facts or circumstances accompanying an injury by their very nature raise a presumption of negligence on the part of defendant. . . . The doctrine only applies when (1) direct proof of the cause of an injury is not available, (2) the instrumentality involved in the accident [was] under the defendant's control, and (3) the injury is of a type that does not ordinarily occur in the absence of some negligent act or omission." Wood v. United States, 209 F. Supp. 3d 835, 845 (M.D.N.C. 2016). Res ipsa loquitur is thereby a common law doctrine that plaintiffs can use to prove negligence. Davis v. Jones, Case No. 5:12-cv-143-RJC, 2012 WL 4959497, at *4 (W.D.N.C. Oct. 16, 2012). Here, Plaintiff has listed no case law, nor is the court aware of any law, that supports his "Motion

1

to the court [t]o be upfront . . . requesting to be heard in res ispa loquitor."  (Doc. No. 2).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion is **DENIED**.

Signed: September 28, 2021

Robert J. Conrad, Jr.
United States District Judge