IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00056-RJC-WCM

| | |
|---|---|
| ANDRE ANTONIO DAVIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> INFRAGARD NATIONAL MEMBERS ) <br> ALLIANCE INC., and INFRAGARD ) <br> CHARLOTTE MEMBERS ALLIANCE ) <br> INC., ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

This matter is before the Court on the following filings:

(1) Plaintiff's "Motion to Joinder" (Doc. 4);

(2) Plaintiff's "Stipulation and Order Allowing Plaintiff to File First Amended Complaint" (Doc. 7);

(3) Plaintiff's "Motion for Extension" (Doc. 8);

(4) Plaintiff's "Stipulation and Order Allowing Plaintiff to File Second Amended Complaint" (Doc. 9);

(5) Plaintiff's "Stipulation and Order Allowing Plaintiff to Amend Amended Complaint" (Doc. 13); and

(6) Plaintiff's "Motion for Reconsideration" (Doc. 15).

I.  Relevant Procedural History

On February 4, 2021, Plaintiff, who appears *pro se*, filed a Complaint for Violation of Civil Rights against "Known and Unknown Agents of Infragard."

1

Doc. 1. Therein, Plaintiff asserted that he had suffered damages from the alleged illegal attachment of a tracking device and remote starter equipment on his vehicle. See e.g., Doc. 1 at ¶¶ 6, 27.

Although Plaintiff showed "Maureen O'Connell, President, Infragard National Members Alliance," "Larry Eighmy, President Infragard Charlotte," "R. Andrew Murray, Unites States Attorney Western District Charlotte," and "Monty Wilkinson, United States Acting Attorney General" in a list of defendants in the form Complaint, the caption and the allegations in the Complaint itself indicated that Plaintiff intended to name only "Known and Unknown Agents of InfraGard" as defendants. Doc. 1 at 2-3.[1]

On June 10, 2021, Plaintiff filed his "Motion to Joinder" by which he requested that this matter be "joined" with other cases Plaintiff has filed against other defendants that also seek damages allegedly stemming from various illegal tracking activities. Doc. 4.

On August 3, 2021, Plaintiff filed his "Stipulation and Order Allowing Plaintiff to File First Amended Complaint" (the "First Motion to Amend," Doc. 7), a "Stipulation and Order Notice of Voluntary Removal" (the "First Stipulation," Doc. 7-1) which purports to remove Larry Eighmy ("Eighmy")

---

[1] It appears that throughout his filings, Plaintiff has confused the defendants he wishes to name with the possible agents for service of process for those defendants.

from the case, and his "Motion for Extension" (Doc. 8), which requests an extension of the time for service. Doc. 8.[2]

On August 11, 2021, Plaintiff filed his "Stipulation and Order Allowing Plaintiff to File Second Amended Complaint" (the "Second Motion to Amend," Doc. 9), as well as three documents each entitled "Stipulation and Order Notice of Voluntary Removal" which purport to remove Monty Wilkerson ("Wilkerson"), R. Andrew Murray ("Murray"), and Maureen O'Connell ("O'Connell") as Defendants. (the "Second Set of Stipulations," Doc. 9-2).

On August 26, 2021, Plaintiff filed a "Stipulation and Order Allowing Plaintiff to Amend Amended Complaint" (the "Third Motion to Amend," Doc. 13), a "Stipulation and Order Notice of Voluntary Removal" which appears to request that O'Connell and Eighmy be removed as parties, and that Murray remain (the "Fourth Stipulation," Doc. 14), and a "Motion for Reconsideration" (Doc. 15). Plaintiff's Motion for Reconsideration states as follows:

> Requesting to MOTION the court for a RECONSIDERATION due to clerical error Plaintiff did not or have any intentions on DISMISSING the case the REQUEST made was to remove O Connell President of lnfragard National Alliance located in Washington DC and the The President at the lnfragard Alliance in Charlotte and replace with the correct parties which was the registered agent for lnfragard company far from requesting a dismissal. Plaintiff made this request to Defendant early on in

---

[2] As discussed below, it appears that the "stipulations" were filed by Plaintiff unilaterally.

> regards to this matter. Plaintiff asking the Defendant
> for the requested corrections within a time deem fair
> by this court.

On August 30, 2021, Plaintiff filed an Amended Complaint against Infragard National Members Alliance Inc. and Infragrad Charlotte Members Alliance Inc. Doc. 16.[3]

Finally, on October 1, 2021, Plaintiff filed an Affidavit of Service purporting to show service on "Infragard Charlotte Member Alliance c/o Eric C Lowell" and "Infragard National Members Alliance Inc." Doc. 21.[4]

## II. Discussion

### A. Standards for Considering Plaintiff's Filings

Plaintiff's filings in this matter are voluminous and difficult to understand.

Although "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citation omitted), the court cannot ignore a clear failure to allege facts which set forth a cognizable claim and does not act as a *pro se* plaintiff's advocate or develop

---

[3] This Amended Complaint appears to be identical to the proposed amended complaint attached to Plaintiff's Second Motion to Amend. Doc. 9-1.

[4] Neither Infragard Charlotte Members Alliance Inc. nor Infragard National Members Alliance Inc. have made an appearance in this case.

4

claims that a plaintiff fails to raise. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed"); Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (district courts are not expected to assume the role of advocate for the *pro se* plaintiff).

### B. Plaintiff's Amendment Documents

#### 1. Plaintiff's Use of Defense Counsel's Signature

Attorney Seth Johnson, a member of the United States Attorney's Office in this district, has made certain filings on behalf of purported Defendants Murray and Wilkinson. See Docs. 6, 11.

Plaintiff has filed numerous documents purporting to bear the typed/conformed signature of Mr. Johnson. See e.g., Doc. 7 at 3; Doc. 7-1 at 2; Doc. 8-1 at 2; Doc. 9 at 3; Doc. 10.

On August 16, 2021, Mr. Johnson filed a "Notice to the Court" advising that any signature in Plaintiff's filings representing consent by Mr. Johnson was fraudulently included and that Mr. Johnson had neither corresponded with Plaintiff, outside of the service of the pleadings by mail, nor entered into any agreements or stipulations with Plaintiff. Doc. 11.

5

On August 26, 2021, in response to Mr. Johnson's filing, Plaintiff submitted a Notice stating that he had "used Defendants signature in error all documents will be introduce with the correct signature." Doc. 12 at 1.

"While 'pro se pleadings and filings are granted a degree of indulgence not extended to lawyers when a court considers the imposition of Rule 11 sanctions,' pro se litigants must still abide by Rule 11, and they may be sanctioned for its violation." Johnson v. EEOC Charlotte District Office, No. 3:15-cv-00148-RJC-DSC, 2016 WL 3514456, at * (W.D.N.C. June 27, 2016) (quoting Peggs v. Ingle, No. 1:09-cv-327, 2009 WL 3208420, at *3 (M.D.N.C. Sept. 20, 2009)).

The unauthorized use of another person's typed/conformed signature on court documents is a serious matter and the undersigned has closely considered whether to recommend the imposition of sanctions, even in the absence of a motion to that effect by Mr. Johnson.

Considering Plaintiff's *pro se* status, the undersigned has decided not to recommend the imposition of sanctions at this time, but will deny the First Motion to Amend, the Motion for Extension, and the Second Motion to Amend on this basis.[5] Further, Plaintiff is admonished to ensure that his future representations to the Court are completely truthful.

---

[5] In addition, these requests are moot in light of the filing of Plaintiff's latest Amended Complaint, Doc. 16, as discussed below.

### 2. Plaintiff's Third Motion to Amend and Motion for Reconsideration

Plaintiff's filings, discussed above, indicate he has sought to name Infragard National Members Alliance Inc., Infragard Charlotte Members Alliance Inc., and/or "known or unknown agents of Infragard" in this matter. Plaintiff's Third Motion to Amend (Doc. 13) and Plaintiff's Motion for Reconsideration (Doc. 15) appear to be additional attempts by Plaintiff to amend his original Complaint.

However, on August 30, 2021, Plaintiff directly filed an Amended Complaint. Doc. 16. The court, in its discretion and considering Plaintiff's *pro se* status and the requirements of Rule 15 of the Federal Rules of Civil Procedure, will accept Plaintiff's Amended Complaint (Doc. 16) and will consider it to be the current and operative complaint in this matter. See e.g., Richards v. Muse, No. 1:13cv1472, 2014 WL 11512433, at *1 (E.D. Va. Aug. 14, 2014) ("Because plaintiff filed his Motion to Amend before defendants filed any response, and in deference to plaintiff's *pro se* status, plaintiff's Motion will be granted, and the Motion to Amend/Correct will be deemed an amendment to the complaint").

Accordingly, Plaintiff's Third Motion to Amend (Doc. 13) and Motion for Reconsideration (Doc. 15) will be denied as moot.

### C. Plaintiff's "Motion to Joinder"

In his "Motion to Joinder," Plaintiff requests that this matter be "joined" with other cases Plaintiff has filed in this district.

Although Plaintiff cites Rule 20 of the Federal Rules of Civil Procedure (Permissive Joinder of Parties) and N.C.G.S. §1A-1, Rule 20, it is unclear whether Plaintiff is seeking to join additional defendants to this case or, instead, to consolidate this matter with certain of Plaintiff's other cases. Doc. 4.

Some of the other cases Plaintiff references have been dismissed. See Davis v. Microsoft Corporation et al, No. 3:21-cv-00177-MOC-DCK, Doc. 46 (granting motion to dismiss, noting that the case was "but one in a string of similar lawsuits recently filed by Plaintiff against various other entities and individuals," collecting cases, and advising Plaintiff that his "numerous frivolous and vexatious filings are placing an undue burden on the Court's already heavy docket"); Davis v. Pichai et al, No. 3:21-cv-00228-GCM, Doc. 3 (dismissing complaint as frivolous); Davis v. The Crawford Group Inc et al, No. 3:21-cv-00166-MOC-DSC, Doc. 23 (granting motion to dismiss); see also Davis v. Liberty Media Corporation et al, No. 3:21-cv-00100-RJC-DSC, Docs. 23 & 35.

In addition, as discussed above, Plaintiff has attempted to amend his complaint in this matter multiple times, and none of those filings (including

Plaintiff's operative complaint) sought to name defendants who are also named in Plaintiff's various other suits.

Under these circumstances, to the extent Plaintiff is requesting that additional parties be joined as defendants in this case, such joinder is not appropriate. See Aleman v. Chugach Support Services, Inc., 485 F.3d 206, 218 n. 5 (4th Cir. 2007) ("Rule 20 gives courts wide discretion concerning the permissive joinder of parties, and should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits") (quoting Saval v. BL, Ltd., 710 F.2d 1027, 1031 (4th Cir.1983) Jeffcoat v. Blyth Eastman Paine Webber, Inc., 896 F.2d 1367, 1990 WL 15556, at *2 (4th Cir. 1990) (a party's ability to use Rule 20's joinder provisions is discretionary with the court) (unpublished table decision).

In the alternative, to the extent Plaintiff's Motion is interpreted as a request pursuant to Rule 42 of the Federal Rules of Civil Procedure to consolidate this matter with his multiple cases, such consolidation is likewise inappropriate. See Pariseau v. Anodyne Healthcare Management, Inc., No. 3:04-CV-630, 2006 WL 325379 (W.D.N.C. Feb. 9, 2006) (explaining that if the threshold requirement that the cases involve common questions of law or fact is met, allowing consolidation is a matter of judicial discretion); see also id.;

9

Case 3:21-cv-00056-RJC-WCM   Document 22   Filed 11/22/21   Page 9 of 10

Arnold v. Eastern Air Lines, 681 F.2d 186, 193 (4th Cir.1982) (discussing factors for and against consolidation).

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Amended Complaint for Violation of Civil Rights (Doc. 16) naming Infragard National Members Alliance Inc. and Infragard Charlotte Members Alliance Inc. is **ACCEPTED** and is considered the current and operative complaint in this matter.

(2) Plaintiff's "Motion for Joinder" (Doc. 4) is **DENIED**.

(3) Plaintiff's "Stipulation and Order Allowing Plaintiff to File First Amended Complaint" (Doc. 7) is **DENIED**.

(4) Plaintiff's "Motion for Extension" (Doc. 8) is **DENIED**.

(5) Plaintiff's "Stipulation and Order Allowing Plaintiff to File Second Amended Complaint" (Doc. 9) is **DENIED**.

(6) Plaintiff's "Stipulation and Order Allowing Plaintiff to Amend Amended Complaint" (Doc. 13) is **DENIED AS MOOT**.

(7) Plaintiff's "Motion for Reconsideration" (Doc. 15) is **DENIED AS MOOT**.

Signed: November 22, 2021

W. Carleton Metcalf
United States Magistrate Judge